**RECORD NO. 16-1308**

In The

# United States Court Of Appeals
## For The Fourth Circuit

**REGINALD JONES,**

*Plaintiff – Appellant,*

v.

**WELLS FARGO BANK, N.A.,**
**d/b/a America's Servicing Company,**

*Defendant – Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

_____

**BRIEF OF APPELLANT**
_____

**Jon D. Pels**
**THE PELS LAW FIRM LLC**
**4845 Rugby Avenue**
**Third Floor**
**Bethesda, MD 20814**
**(301) 986-5570**

*Counsel for Appellant*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Only one form needs to be completed for a party even if the party is represented by more than one attorney. Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case. Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements. Counsel has a continuing duty to update this information.

No. __16-1308__    Caption: __Reginald Jones v. Wells Fargo Bank, N.A.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Reginald Jones__ who is __appellant__, makes the following disclosure:
(name of party/amicus)         (appellant/appellee/amicus)

1.  Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
2.  Does party/amicus have any parent corporations?  ☐ YES ☑ NO
    If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
    If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
    If yes, identify any trustee and the members of any creditors' committee:

# CERTIFICATE OF SERVICE
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I certify that on ___April 21, 2016___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Justin E Fine
TREANOR POPE & HUGHES, P.A.
500 York Road
Towson, Maryland 21204

__/s/ Jon D Pels__                              __April 21, 2016__
(signature)                                     (date)

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ................................................................................. iii

I.     STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ..........................................................1

     A.     Basis of District Court's Jurisdiction ....................................1

     B.     Basis for Court of Appeals Jurisdiction ................................2

     C.     Assertion that the Appeal is from a Final Judgment ............2

II.     STATEMENT OF THE ISSUES ........................................................2

III.     STATEMENT OF THE CASE ...........................................................3

     A.     Nature of the Case ...............................................................3

     B.     Course of Proceeding & Disposition Below ........................3

     C.     Statement of the Facts .........................................................4

IV.     SUMMARY OF THE ARGUMENT ..................................................6

V.     ARGUMENT .....................................................................................7

     A.     Standard of Review .............................................................7

     B.     The lower court erred in failing to declare that by operation of
law on April 15, 2008, plaintiff's that debt and security
instruments were extinguished ...........................................7

         1.     Plaintiff has stated a claim pursuant to TILA ...........10

i

a.    Defendant's argument that Plaintiff received the TILA disclosures and notices is *ipso facto* incorrect as is evidenced in part by the Defendant's own exhibit. Plaintiff alleged other numerous TILA violations and it is the Defendant who is now barred from re-litigating this issue which was ripe in April, 2008 ........................................................11

b.    Defendant's argument that Plaintiff has failed to state a claim pursuant to TILA because Plaintiff "failed to fully enforce his alleged right of rescission before it was terminated by the foreclosure sale" also misses the entire point of *Jesinoski* ........................................................14

VI.    CONCLUSION ............................................................16

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Brooks v. Arthur*,
    626 F.3d 194 (4th Cir. 2010) ..........................................................................7

*Gilbert v. Residential Funding, LLC*,
    678 F.3d 271 (4th Cir. 2012) .......................................................................14

*Jesinoski v. Countrywide Home Loans, Inc.*,
    135 S. Ct. 790 (2015)..........................................................................*passim*

*Paatalo v. JP Morgan Chase Bank*,
    Case No. AA 6:15-cv-01420 (D. OR. Nov. 12, 2015) ..........................*passim*

*Yamamoto v. Bank of New York*,
    329 F.3d 1167 (9th Cir. 2003) ....................................................................14

**Statutes:**

15 U.S.C. §§ 1601 *et seq.* ("TILA") ................................................................*passim*

15 U.S.C. § 1602........................................................................................................4

15 U.S.C. § 1602(f)...................................................................................................4

15 U.S.C. § 1635(b) ................................................................................................13

15 U.S.C § 1641 ........................................................................................................5

28 U.S.C. § 1331 .......................................................................................................1

28 U.S.C. § 1367........................................................................................................2

28 U.S.C. § 1441(a) ..................................................................................................1

28 U.S.C. § 1446(b) ..................................................................................................1

**Rules:**

Fed. R. App. P. 4(a)(1).................................................................2

Fed. R. Civ. P. 12(b)(6).............................................................7

**Regulation:**

Reg. Z § 226.2(a)(17)................................................................4

**Other Authority:**

Alexandra P. Everhart Sickler,
And the Truth Shall Set You Free: Explaining Judicial Hostility to the
Truth in Lending Act's Right to Rescind a Mortgage Loan,
    12 Rutgers J.L. & Pub. Pol'y 463 (Summer 2015)........................10

## I.    STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

### A.    Basis of District Court's Jurisdiction.

On or about December 10, 2015, Reginald Jones, appellant, filed a Complaint in the Circuit Court for Montgomery County, MD, Case No. 412908-V against Wells Fargo, N.A.  The Complaint set forth one cause of action seeking declaratory relief pursuant to the holding in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015). The Complaint mirrored in all material respects an identical Complaint which was filed in *Paatalo v. JP Morgan Chase Bank*, Case No. AA 6:15-cv-01420 (D. OR. Nov. 12, 2015).  A similar motion to dismiss was filed by the Defendant(s) in that case but was DENIED.

On January 27, 2016 Defendant Wells Fargo Bank, NA ("Wells Fargo") filed a Notice of Removal to the United States District Court for the District of Maryland, Greenbelt Division. (JA at 2)(docket entries).  The Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b).

The District Court had federal question subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331 because the civil action arose under the Constitution, laws or treaties of the United States.  The provisions of 28 U.S.C. § 1441(a) authorized the removal of any civil action in a state court over which the courts of the United States have original jurisdiction, and the District Court had

supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they were part of the same case or controversy.

### B.    Basis for Court of Appeals Jurisdiction.

On March 7, 2016, the District Court issued a Memorandum Opinion and Order granting the Defendants' Motion to Dismiss Complaint. (JA at 13).

Federal Rule of Appellate Procedure 4(a)(1) required Jones to file a Notice of Appeal in the District Court within thirty (30) days after the judgment or order appealed from is entered.  Appellant Jones filed a Notice of Appeal in the United States District Court for the District of Maryland on March 22, 2016 in the District Court (JA at 114) within thirty (30) days from the Memorandum Opinion and Order dismissing the case with prejudice.

### C.    Assertion that the Appeal is from a Final Judgment.

Appellant Jones' appeal is from a final judgment because the Memorandum Opinion and Order fully and finally resolved all claims in the litigation dismissing the case with prejudice.

## II.    STATEMENT OF THE ISSUES

Whether the District Court committed legal error ruling that Jones' debt and security instruments were extinguished by *operation of law* on April 15, 2008 and that Defendant has no standing to challenge the already valid and effective rescission.

2

### III.   STATEMENT OF THE CASE

### A.   Nature of the Case

Reginald Jones filed suit against Wells Fargo with a simple assertion pursuant to the unanimous Supreme Court holding in *Jesinoski.*  The assertion is that Defendant has misunderstood the unanimous Supreme Court ruling in *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790 (2015).  As a matter of law Jones' rescission was effective on April 15, 2008 and that Defendant is incorrect in stating that "the plaintiff however did not take additional steps to exercise and enforce his alleged right to resend the mortgage…"

As one federal court recently found: "[a] unanimous Court declared "rescission is effected when the borrower notifies the creditor of his intention to rescind." *Paatalo v. JP Morgan Chase Bank*, Case No. AA 6:15-cv-01420 (D. OR. Nov. 12, 2015). (JA at 83) "*Jesinoski* revealed the majority of federal courts had "misinterpreted the will of the enacting Congress," (JA at 83) *Paatalo v. JP Morgan Chase Bank*, Case No. AA 6:15-cv-01420 (D. OR. Nov. 12, 2015 at p.18).

### B.   Course of Proceeding & Disposition Below

On or about December 10, 2015, Reginald Jones, appellant, filed a Complaint in the Circuit Court for Montgomery County, MD, Case No. 412908-V against Wells Fargo, N.A.

3

Wells Fargo, N.A. filed a motion to dismiss and memorandum in support for failure to state a claim on February 3, 2016. (JA at 13 and 15).

Jones filed an opposition to the Defendants Motion to Dismiss Complaint on February 15, 2016.  (JA at 71).

No scheduling order was ever issued, and no discovery commenced.

Without a hearing, the District Court issued a Memorandum Opinion and Order on March 7, 2016 dismissing Jones' complaint because "…a change in case law 'almost never warrants an exception to the application of res judicata.'"

This appeal followed.

### C.    Statement of the Facts

The Complaint concerns a single family residential property located at 10214 Silver Bell Terrace, Rockville, MD 20850 (hereinafter the "Property"). On May 6, 2005, Plaintiff executed a promissory note in the amount of $750,000.00 and deed of trust with Fremont Reorganizing Company[1] which is defined as a consumer credit transaction under the Truth in lending Act, 15 U.S.C. § 1602.

---

[1] Fremont Reorganizing Company Inc., ("Fremont") is a Predecessor in interest to HSBC. Fremont was a creditor as that term is defined under 15 U.S.C. § 1602(f); Reg. Z § 226.2(a)(17) and at all times relevant hereto was regularly engaged in the business of extending consumer credit for which a finance charge is or may be imposed and is payable in more than four installment by written agreement. Fremont entered Chapter 11 bankruptcy in 2008 and is no longer and active corporation.

4

The purpose of the transaction was to refinance a previous mortgage loan transaction covering real property then the primary *principal dwelling* and home of the Plaintiff. The transaction required Plaintiff to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

The security interest was not created to finance the acquisition or initial construction of Plaintiffs' Property and paid off multiple consumer debts. The promissory note was an adjustable rate note with a fixed rate and payments for the first two years of the note and an adjusting rate thereafter. This adjusting rate was based on the London Inter Bank Offered Rate (LIBOR) rate.

Upon information and belief, Fremont subsequently sold its interest in the property on the secondary market, with HSBC maintaining servicing responsibilities for the mortgage. Upon information and belief, servicing of the loan was subsequently transferred to Defendant Wells. On information and belief, Wells as successor is also an assignee under 15 U.S.C § 1641

After closing, Plaintiff received notice to direct payments to HSBC and subsequently received notice to direct payment to WELLS. Plaintiff made immediate inquiries into the loan with defendant Wells to discuss modifying the loan. These attempts were made in good faith in the hopes that a modification would allow Plaintiff to remain in the home and stay current on all loan payments.

After several months of stone walling on the part of defendant Wells, Plaintiff was told that any requests for modification were denied.

On April 15, 2008 Plaintiff exercised his right to rescind the mortgage transaction in writing by certified mail, return receipt requested to all known parties in interest. Although Defendants received Plaintiff's notice of recission, and twenty days followed thereafter, Defendants took no steps to cancel the security interest.

## IV.    SUMMARY OF THE ARGUMENT

Jones asserts that this Defendant has misunderstood the unanimous Supreme Court ruling in *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790 (2015) by stating that "the plaintiff however did not take additional steps to exercise and enforce his alleged right to resend the mortgage…" As one federal court recently found: "[a] unanimous Court declared "rescission is effected when the borrower notifies the creditor of his intention to rescind." *Paatalo v. JP Morgan Chase Bank*, Case No. AA 6:15-cv-01420 (D. OR. Nov. 12, 2015). (JA at 83). "*Jesinoski* revealed the majority of federal courts had "misinterpreted the will of the enacting Congress," *Paatalo v. JP Morgan Chase Bank*, Case No. AA 6:15-cv-01420 (D. OR. Nov. 12, 2015). (JA at 83).

Because Plaintiff's debt and security instruments were extinguished by *operation of law* on April 15, 2008 Defendant has no standing to challenge the

already valid and effective rescission.  Finally, Defendant's own exhibit is evidence that there were in fact TILA violations.

## V.    ARGUMENT

### A.    Standard of Review

This court should review de novo a Fed. R. Civ. P. 12(b)(6) dismissal based on principles of res judicata. *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010).

### B.    The lower court erred in failing to declare that by operation of law on April 15, 2008, plaintiff's that debt and security instruments were extinguished.

Plaintiff's debt and security instruments were extinguished by *operation of law* on April 15, 2008.  The lower court in dismissing this matter on a motion to dismiss committed reversible error by failing to follow the unanimous Supreme Court holding in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015).

As Plaintiff stated in his Opposition to the motion to Dismiss, recently, a federal court addressed very similar arguments which were raised by the Defendant bank.  *Paatalo v. JP Morgan Chase Bank*, Case No. AA 6:15-cv-01420 (D. OR. Nov. 12, 2015).  (JA at 83).  While *Paatalo* is not controlling precedent, it does provide persuasive authority for this court.

In *Paatalo*, the Plaintiff in 2006 refinanced a loan on his property.  (JA at 84).  Plaintiff alleged that the bank "inflated the appraised value of his property, falsified plaintiff's income on his loan application without his knowledge or

consent and committed numerous violations of the Truth and Lending Act

("TILA"), 15 U.S.C. §§ 1601 *et seq*. including 'failing to provide proper 'notices

of rescission' on the 2006 loans."   The plaintiff asserted that he sent a written

"Notice of Rescission" "on or about March 29, 2008."[2]  (JA at 85).  In July 2008,

Plaintiff "filed suit" against the bank.[3]  (JA at 85).  Plaintiff did not file a TILA

rescission claim in court or assert one because the bank "told him he had to first be

able to tender the full payoff amount for the loan."[4]  (JA at 85).  Plaintiff alleged

that in April, 2009 and July, 2009, the bank recorded a "Notice of Default and

Election to Sell" the property along with a "Notice of Foreclosure" and eventually

foreclosed on August 18, 2009.[5]  (JA at 86).

        Plaintiff then filed (as Jones has now done), post *Jesinoski*, a complaint

against the bank on July 29, 2015 and asked that the court declare that: "(1)

plaintiff is the sole owner of the property; (2) the foreclosure of the Deeds of Trust

was null and void; and (3) all documents recorded on or against title to the subject

property after the March 29, 2008 notices of rescission are null and void."[6]   The

procedural history and facts in *Paatalo* are similar to the facts in *Jones.* Even the

_____

[2] Jones sent his written notice of rescission in April, 2008.
[3] Jones filed suit on July 27, 2009.
[4] As Defendant points out, Jones similarly did not assert a TILA rescission claim in court.
[5] Defendant foreclosed on Jones' property on October 7, 2009.
[6] This is exactly the same relief *Jones* is requesting in this case.

dates relating to when the notice(s) of rescission, foreclosure and court challenges

are similar.  Both *Paatalo* and *Jones* previously litigated in state court over alleged

numerous violations of TILA and did not assert a TILA rescission claim at that

time.  The court dismissed the Plaintiff's objections in each case and the banks

foreclosed in each case.  Each has now, Post-*Jesinoki*, filed complaints seeking

declaratory relief.  The court in *Paatalo* correctly noted that:

> It is undisputed more than three years have passed since the
> consummation of plaintiff's 2006 loans and plaintiff's right to rescind,
> if not yet exercised, has expired. Thus, the viability of plaintiff's claim
> that WaMu's security interest in his property was voided in March
> 2008 hinges on the effect of the notices of rescission to WaMu.
> Taking the allegations in the complaint as true, if those notices
> actually rescinded the loan, plaintiff's complaint will survive the
> motion to dismiss. If, on the other hand, notice of intent to exercise
> the conditional right of rescission did not actually effect the
> rescission, defendant is entitled to dismissal. The Supreme Court
> answered this question in *Jesinoski.* A unanimous Court declared
> "rescission is effected when the borrower notifies the creditor of his
> intention to rescind." *Jesinoski*, 135 S. Ct. at 7 92 (emphasis added).
> Thus, if – as plaintiff alleges - WaMu failed to provide the required
> disclosures and plaintiff delivered written notice of rescission in
> March 2008, the rescission was effected and the security interest in
> plaintiff's property voided at that time.

(JA at 91).  The court then goes on to discuss the Bank's argument – which is

similar to Defendant's argument being advanced to this court that "…rescission

cannot be the default rule." The court then states: "[t]aken to its logical conclusion,

defendant's argument would require borrowers to file suit to enforce their right to

rescind, rendering no rescission the default rule." (JA at 93).  The court concludes:

"The Supreme Court implicitly rejected defendant's argument when it declared "rescission is effected" at the time of notice, without regard to whether a borrower files a lawsuit within the three-year period." (JA at 93). The court cites with approval the following: "[a]s a practical consequence of [the *Jesinoski*] ruling, a lender now bears the burden of filing a lawsuit to contest the borrower's ability to rescind." Alexandra P. Everhart Sickler, And the Truth Shall Set You Free: Explaining Judicial Hostility to the Truth in Lending Act's Right to Rescind a Mortgage Loan, 12 Rutgers J.L. & Pub. Pol'y 463, 481 (Summer 2015).[7]

### 1.    Plaintiff has stated a claim pursuant to TILA.

Plaintiff did not receive the TILA disclosures and notices as is evidence in part by the Defendant's own exhibit. Plaintiff alleged other numerous TILA violations and it is the Defendant who is now barred from re-litigating this issue which was ripe in April, 2008.

Plaintiff did not have to "fully" enforce his alleged right of rescission before it was "terminated" by the foreclosure sale. Wells Fargo lead plaintiff to

---

[7] The defendant states that this court then dismissed Jones one with prejudice on February 3, 2011. However, this is not a fully accurate picture as the Fourth Circuit court of appeals noted: "*Consequently, the dismissal with prejudice of the original complaint in this case does not, by itself, prevent Jones from re-filing the proposed amendment.* Because Jones's only objection to the district court's grant of the defendants' motion to dismiss is without merit, we affirm." No. 11-1197 8/25/2011 (emphasis supplied).

reasonably believe it was the "creditor" and/or its assignee and seems to have

presented contradictory statements between its brief and documents provided to

Plaintiff.  Lastly, Defendant miscomprehends the ruling in *Jesinoski* in alleging

that the plaintiff failed to allege that he was ready, willing and able to tender back

the proceeds of the Mortgage.

          **a.**     **Defendant's argument that Plaintiff received the TILA disclosures and notices is *ipso facto* incorrect as is evidenced in part by the Defendant's own exhibit. Plaintiff alleged other numerous TILA violations and it is the Defendant who is now barred from re-litigating this issue which was ripe in April, 2008.**

Defendant makes a conclusory statement that Plaintiff "...actually did

receive and sign the TILA-required notices and disclosures."  (Defendant's

Memorandum at p.10)("[t]he plaintiff executed several documents that contained

the TILA notices and disclosures."). (JA at 24).  Thus, concludes the Defendant,

the notice of rescission in April, 2008 was ineffective as Plaintiff only had three

days from the closing date of May 9, 2005, to rescind.  Nonetheless, as proof of

this the Defendant attaches an Exhibit 1 which has one copy of a signed notice of

rescission.

Plaintiff however never received any copies.  This loan was refinanced at

what we now know was the glut of a fraudulent market which was created by a

Wall Street demand for mortgage backed securities.  Plaintiff was solicited and

promised (as many borrowers were) many things which turned out not be true.

Even the refinance was made easy for him and took place at his home with a "mobile notary." The settlement agent is identified on the HUD-1 as "One Call Lender Services LLC" with an address of Plymouth Meeting, Pennsylvania for a Maryland property. Plaintiff signed a copy of a notice of rescission but was never provided with a copy of it let alone the required *two* copies.

Defendant's statement that Plaintiff's "right to rescind the Mortgage pursuant to TILA ended on May 9, 2005" actually contradicts the "Notice of Right to Cancel" they attach as Exhibit 1 which states "…you must send the notice no later than midnight of 5/10/15." It actually appears that Defendant's counsel has the correct date and that the Notice of Rescission has an incorrect date. As a matter of law, the Notice violates the Truth in Lending Act. Plaintiff went on to allege a number of TILA violations besides failure to provide proper and required notice(s) and disclosure(s), including appraisal fraud, fraud in the inducement, usury and a 2.5% premium he was charged improperly (as did the Plaintiff in *Paatalo*).

In his complaint, Plaintiff has alleged in ¶15 that "*inter alia*, numerous TILA violations including the failure to provide the required notices and disclosures." Defendant's exhibit does not prove anything. The Plaintiff did not in fact receive even one of the required two notices. This court need not endeavor to determine

the validity of any of the TILA violations because it was the bank that failed to

take steps pursuant to the unanimous Supreme Court opinion in *Jesinoski*:

> After WaMu received plaintiff's notice of rescission, it had two
> options. It could have begun the unwinding process by returning
> plaintiff's down payment or earnest money and taking action to
> "reflect the termination of [the] security interest," pursuant to 15
> U.S.C. § 1635(b).
>
> …
>
> In the alternative, WaMu could have filed a lawsuit to dispute
> plaintiff's right to rescind the loan.  Plaintiff alleges WaMu did neither
> of those things.  The question here is what happens when the
> unwinding process is not completed and neither party files suit within
> the TILA statute of limitations. In such circumstances, *Jesinoski*
> directs that the rescission and voiding of the security interest are
> effective as a matter of law as of the date of the notice.

*Paatalo v. JP Morgan Chase Bank*, Case No. AA 6:15-cv-01420 (D. OR. Nov. 12,

2015).  (JA at 94, 95).

Plaintiff has alleged in his complaint, and it is believed to be undisputed, the

following:

> 16.    On April 15, 2008 Plaintiff exercised his right to rescind the mortgage
> transaction in writing by certified mail, return receipt requested to all
> known parties in interest.
> 17.     Although Defendants received Plaintiff's notice of rescission, and
> twenty days followed thereafter, Defendants took no steps to cancel
> the security interest.

(JA at 7) (complaint at ¶16 and 7).

**b.** **Defendant's argument that Plaintiff has failed to state a claim pursuant to TILA because Plaintiff "failed to fully enforce his alleged right of rescission before it was terminated by the foreclosure sale" also misses the entire point of *Jesinoski*.**

Defendant's next argument is that Plaintiff has failed to state a claim pursuant to TILA because Plaintiff "failed to fully enforce his alleged right of rescission before it was terminated by the foreclosure sale." (JA at 23). Defendant argues that Plaintiff "miscomprehends the difference between *invoking* the right to rescind with the *enforcement* of the right to rescind." *Id.* at 10. For this proposition, Defendant relies on a 4th circuit case *Gilbert v. Residential Funding, LLC*, 678 F.3d 271, 277 (4th Cir. 2012) ("We must not conflate the issue of whether a borrower has exercised her right to rescind with the issue of whether the rescission has, in fact, been completed and the contract voided.") (JA at 25).

The federal court in *Paatalo* discussed *Gilbert v. Residential Funding, LLC* when it too was raised by the Defendant in that case:

> Defendant correctly notes a number of federal appellate courts, prior to *Jesinoski*, distinguished between notice of intent to exercise the rescission right and the rescission itself. *See*, *Gilbert v. Residential Funding, LLC*, 678 F.3d 271, 277 (4th Cir. 2012) ("We must not conflate the issue of whether a borrower has exercised her right to rescind with the issue of whether the rescission has, in fact, been completed and the contract voided.") ; *accord Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003). That distinction, however, cannot survive the Court's clear statement "rescission is effected" at the time of notice. *Jesinoski*, 135 S. Ct. at 792.

14

*Paatalo v. JP Morgan Chase Bank*, Case No. AA 6:15-cv-01420 (D. OR. Nov. 12, 2015).  (JA at 93) (Exhibit 1 at p.11) (underscore emphasis supplied).  The court succinctly discussed this argument and why it is incorrect:  "Essentially, defendant argues rescission cannot be the default rule. Taken to its logical conclusion, defendant's argument would require borrowers to file suit to enforce their right to rescind, rendering no rescission the default rule. The Supreme Court implicitly rejected defendant's argument when it declared "rescission is effected" at the time of notice, without regard to whether a borrower files a lawsuit within the three-year period."  (JA at 93) (Exhibit 1 at p.11).

Defendant resorts then to arguing "equity" to carry the day in stating in essence it is "manifestly unfair" to the current owners of the Property.[8]  (JA at 27) (Defendant's Memorandum at p.13).   However, the same issue is present in *Paatalo:*

> It is unclear what should happen this many years down the road, after the original lender has failed and been placed in receivership, and the property has been sold at a trustee's sale, then re-sold following the trustee's sale. However, because plaintiff has adequately alleged (1) he had a conditional right to rescind in 2008; and (2) he exercised that right, he has stated a claim for at least some of the relief he seeks - a declaratory judgment deeming the foreclosure of the Deeds of Trust null and void.

(JA at 95) *Paatalo* at 13.

---

[8] The current owners will have recourse regardless.

15

## VI.   CONCLUSION

The lower court committed a reversible error because Jones' debt and security instruments were extinguished by *operation of law* on April 15, 2008 and that Defendant has no standing to challenge the already valid and effective rescission.

Dated:  June 14, 2016

The Pels Law Firm, LLC

By:    /s/ Jon D. Pels, Esquire
       Jon D. Pels, Esquire
       The Pels Law Firm, LLC
       4845 Ruby Avenue
       Third Floor
       Bethesda, MD 20814
       (301) 986-5570
       (301) 986-5571 Fax
       jpels@pallaw.com

       *Attorney for Reginald Jones*

16

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
**Certificate of Compliance with Type-Volume Limitation,**
**Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
32(a)(7)(B) because:

   this brief contains 3,715 words, excluding the parts of the brief
   exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportional spaced typeface using
   Microsoft Word in 14 point Times New Roman.

Dated:  June 14, 2016                    /s/ Jon D. Pels
                                         Jon D. Pels

                                         *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on June 14, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all the registered CM/ECF users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Karen R. Taylor
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
P.O. Box 1460
Richmond, VA 23218